M|F|M

MALONE FROST MARTIN PLLC

---

**ROBBIE MALONE**
Direct Dial 214•346•2625
RMalone@mamlaw.com
Main 214•346•2630 | Fax 214•346•2631

Attorneys and Counselors
NorthPark Central, Suite 1850
8750 N. Central Expressway
Dallas, TX 75231

July 11, 2019

***VIA ECF***
Honorable Judge Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, Texas 77002-2601

      RE:    Case No. 4:18-cv-04692; *Naam L. Matthews v. CBE Companies, Inc.;* In the United
               States Southern District Court of Texas Houston Division

Dear Judge Atlas:

      My firm represents The CBE Companies, Inc. ("CBE") in the above captioned matter.

Please accept this letter setting forth the status of the issues in dispute and its positions on the

matters raised in Plaintiff Motion for Protective Order (Doc. 19), pursuant to your request on July

10, 2017. Doc. 21.

## BACKGROUND

      Plaintiff filed this current lawsuit in the Southern District of Texas in the Houston Division

on December 13, 2018. Doc. 1. Now, nearly seven months later, Plaintiff has informed the Court,

for the first time, that he has apparently moved to Arizona. Doc. 19. This relocation is supposed

the reason why Plaintiff cannot attend a deposition in the lawsuit he filed, in the district in which

he filed the lawsuit. *Id.* Plaintiff subsequently filed a Motion for Protective Order, seeking to avoid

having to be deposed in Houston and requesting that this Court move the deposition to Tucson,

Arizona, or, in the alternative, requesting that that Plaintiff be allowed to attend either

telephonically or by videoconference.

---

## ISSUES TO BE CONSIDERED

The only issue to be considered is whether Plaintiff should be required to attend his deposition in person in Houston, which is the district and venue in which Plaintiff filed his lawsuit.

## DEFENDANT'S POSITION

Defendant's position is that Plaintiff should be required to attend his deposition in person in the district and venue in which Plaintiff willingly commenced this lawsuit. Courts have routinely required that plaintiffs appear for depositions in the forum in which they filed suit. *E.g.*; *Stanissis v. DynCorp Int'l LLC*, Civil Action No. 3:14-CV-2736-D, at *3 (N.D. Tex. Sep. 23, 2015). *Clem v. Allied Van Lines Int'l Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("In addressing motions for protective orders pursuant to Rule 26(c), this Court has long  enunciated the policy of requiring a nonresident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances"); *see generally* 8 Wright Miller, Federal Practice and Procedure § 2112 (1970) ("As a normal rule plaintiff will be required to make himself available for examination in the district in which he has brought suit.") This general rule exists because "[s]ince plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." *Stanissis*, at *3*. However, the court can order that the deposition be taken outside the forum district when the plaintiff demonstrates good cause. *Id*.

### A. No good cause shown to move the deposition to Arizona

Plaintiff has not presented good cause for the deposition to not occur in Houston in this case. Plaintiff only conclusory states that he cannot afford to travel to Houston. Doc. 19 ¶ 13; Doc. 2 ¶ 5. He offers no real evidence as to why he is financial unable to attend a deposition in Houston for a lawsuit that he filed in Houston. There is no actual evidence before the Court to show that Plaintiff is actually financial unable to attend. *See Xavier v. Belfor USA Group, Inc*., Civil Action

No. 06-0491 c/w, Ref. 06-7804 08-3736, at *9 (E.D. La. Oct. 2, 2009) ("Moreover, the Court finds that generic and naked assertions by plaintiffs' counsel of undue hardship are inadequate — plaintiffs should have submitted affidavits with specific evidence of such hardship.").  Plaintiff's statements regarding his financial inability to attend is also undercut by Plaintiff's apparently willingness to pay the difference in flight costs to Defendant, suggesting that he is not actually financially unable to attend a deposition in Houston.

Further, as shown by the attached exhibits, a flight from Dallas, Texas, to Tucson, Arizona is almost twice as much as a flight from Dallas, Texas, to Houston, Texas ($862 to Tucson versus $478 to Houston for a standard round trip anytime flight on Southwest Airlines).[1] Exhibit A. Therefore, the cost to Plaintiff would be the same. However, the cost to CBE would be drastically more, as the flight to Tucson is longer—two hours for a direct flight to Tucson as compared to 45 minutes to Houston, longer if no direct flights are available—and CBE will have to spend more on attorney's fees for the travel. Additionally, conducting the deposition in Arizona will likely require counsel for CBE to spend more than one day in Tucson due to less flights in and out of Tucson to Dallas as compared to flights in and out of Houston.

Finally, Plaintiff claims that he is unable to travel due to a very busy work schedule. Doc. 20 ¶ 4. However, Plaintiff's counsel previously indicated he was free the entire week for depositions, further undercutting his new claims regarding unavailability. It is clear that Plaintiff has not presented any good cause to move the deposition from Houston. For these reasons, Plaintiff's Motion for Protective Order should be denied, and Plaintiff should be compelled to attend his deposition in Houston.

---

[1] A review of other airlines shows comparable prices for the same flights.

**B.  Plaintiff should be required to appear in person**

CBE should be allowed to take the deposition of Plaintiff in person in Houston. Plaintiff has failed to show good cause for moving the deposition and has not shown good cause why he cannot attend the deposition in the district in which he commenced this lawsuit. CBE is entitled to observe how Plaintiff reacts to the deposition questions and what his body language indicates regarding his answers, which is impossible to accomplish via telephone and difficult to do via videoconferencing. An in-person deposition allows CBE to better determine the credibility of the Plaintiff, gauge the Plaintiff's reactions to questions, and determine what matters should be followed up on or explored further. Allowing Plaintiff to attend his deposition remotely prejudices Defendant in the taking of the deposition, and complicates matter such as using exhibits during the deposition. Considering Plaintiff has not shown good cause for this request, this request should be denied, and Plaintiff should be compelled to attend in person.[2]

In light of the foregoing, CBE respectfully requests that this Court deny Plaintiff's Motion for Protective Order and compel Plaintiff to attend his deposition in Houston in person. Thank you for your time and consideration of this matter.

Sincerely,

/s/ Robbie Malone

Robbie Malone

RM/jb

CC:
***VIA ECF***
All counsel of record

---

[2] If the Court does allow Plaintiff to attend via videoconferencing, then the Court should require Plaintiff bear all expenses related with said videoconferencing.